# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND JENKINS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES,<br><br>　　　　Defendant. | Case No. 1:21-cv-1475-NONE-BAM<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(Doc. 1)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Raymond Jenkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action. Plaintiff's complaint, filed on October 1, 2021, is currently before the Court for screening. (Doc. 1.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Mos*s, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Training Facility in Soledad, California. Plaintiff brings suit against Defendant United States of America.  He alleges as follows:

> The United States Federal Government violated the right to Freedom as guaranteed in the constitution to my forefathers by allowing them to be enslaved.  In addition, the Government further violated their rights by allowing slaveowners to perpetrate brutality, rape and the separation of families to those held in bondage.

(Doc. 1 at 3.)  Plaintiff further alleges that that "[i]n addition to the violation of rights, slaves faced physical violence and death at the hands of slaveowners." (*Id.*)  Plaintiff seeks "reparations (financial) for all families related to slaves." (*Id.* at 4.)

**III.    Discussion**

    1.   Statute of Limitations

Plaintiff seeks reparations from the United States for allowing slavery.  This claim is time barred.  28 U.S.C. § 2401(a) provides, in pertinent part, that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."  A right of action normally accrues at the time the underlying events

2

occurred. *Powell v. United States*, No. C94-01877 CW, 1994 WL 16180202, at *1 (N.D. Cal. Jun. 20, 1994). The underlying events causing the harms alleged in Plaintiff's complaint transpired more than six years ago. Plaintiff's claims are therefore barred by the statute of limitations. *Id.* (finding plaintiff's claims against the United States seeking reparations for harms suffered as a consequence of slavery barred by statute of limitations); *Davis v. United States*, No. 12-CV-01057 NC, 2012 WL 1836310, at *2 (N.D. Cal. May 21, 2012) (finding plaintiff's claims for reparations from United States for condoning slavery time barred), report and recommendation adopted, No. 12-CV-01057 YGR, 2012 WL 2884806 (N.D. Cal. July 12, 2012).

    2. Sovereign Immunity

Plaintiff's claims for monetary relief from the United States are barred by sovereign immunity and must be dismissed.

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "[T]he terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit." *Id.* It is "well settled that a waiver of the government's sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995) (citations and quotations omitted). The burden is on the plaintiff to make such a showing. *Id.*

The Ninth Circuit has held that suits seeking monetary damages from the United States based on the government's sanction of slavery are barred by sovereign immunity. *Cato*, 70 F.3d at 1107–11 (holding that "sovereign immunity bars [plaintiff's] request for damages" for claims arising out of "the fact of slavery, kidnapping, and other offenses to [plaintiff's] ancestors"); *see also Thompson v. United States*, No. CV 21-01504 PHX CDB, 2021 WL 4555765, at *2 (D. Ariz. Sept. 16, 2021) (finding plaintiff's claim for reparations against United States for slavery of his ancestors barred by sovereign immunity), report and recommendation adopted, No. CV-21-01504-PHX-CDB, 2021 WL 4552454 (D. Ariz. Oct. 5, 2021); *Davis*, 2012 WL 1836310, at *2 (finding United States immune from relief in suit seeking reparations for condoning slavery).

    3. Leave to Amend

"A pro se litigant must be given leave to amend his or her complaint, and some notice of

its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato*, 70 F.3d at 1106.  Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, leave to amend is not warranted. *See Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

### IV.     Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed with prejudice.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 8, 2021**            /s/ *Barbara A. McAuliffe*            
                                         UNITED STATES MAGISTRATE JUDGE